IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
_____  x
CHRISTIAN L. NELSON,             :
                                 :
                 Plaintiff       :
                                 :
        v.                       :
                                 :
THE HEARST CORPORATION, and      :
HEARST POST LLC
                                 :
                 Defendants      :
_____  x
```

## COMPLAINT

## PARTIES

1.      The plaintiff, Christian Nelson, is an individual who resides in Bridgeport, Connecticut.

2.      The plaintiff was employed by the defendants from August 2008 to July 2011.

3.      During the plaintiff's employment, he worked in the insertion department located at the defendant's facility at 600 State Street, Bridgeport, CT 06604.

4.      During his employment the plaintiff worked on average 60 hours per week.  In violation of federal and state law the defendants never paid the plaintiff overtime.

5.      The plaintiff was employed in the insert department where he worked as a set up person.

6.      On July 19, 2011 he plaintiff, then age fifty-seven (57) years was wrongfully terminated from employment.

1

7.    The defendants are The Hearst Corporation and Hearst CT Post. LLC. The defendants are an integrated or joint employer of the plaintiff and publish and distribute the Connecticut Post in Connecticut.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction with respect to Plaintiffs federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff s state law claims pursuant to 28 U.S.C. 1367 (supplemental jurisdiction).

9.    Plaintiff's state law claims are so closely related to Plaintiffs claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

10.   This Court also has jurisdiction over Plaintiffs claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11.   The amount in controversy in this matter exceeds the sum or value of $75,000 exclusive of interest and costs.

12.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.27.

13.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FIRST CLAIM FOR RELIEF
## AGE DISCRIMINATION
## C.G.S. § 46a-60

14.   During plaintiff's tenure with defendants, the defendants' engaged in a pattern and practice of harassment of older workers.

15. Older workers including the plaintiff were subjected to unfair and unreasonable scrutiny, and held to a different standard than younger workers, and set up for termination.

16. The defendants also placed unreasonable demands on the older workers, including the plaintiff.

17. Older workers including the plaintiff were also required to regularly work overtime without pay.

18. Older workers were regularly given tasks that were impossible to complete in the timeframe provided by the defendants, were given impossible deadlines, were over worked, and harassed to the point of exhaustion.

19. The defendants willfully have persisted in this pattern of age discrimination even though they were sued for age discrimination in the case of <u>Weizel vs. The Hearst Corporation</u>, *et al.,* United States District Court (D. Conn.), 3:10-cv-01824-CFD.

20. The defendants do not tolerate questions or complaints from employees concerning the defendants' employment practices including requiring employees to regularly work overtime without pay and age discrimination and terminate employees who question such practices.

21. The defendants terminate older workers such as the plaintiff in order to pay lower wages to the younger workers who take their place.

22. On or about July 19, 2011 the defendants terminated the plaintiff's employment.

23. The defendants terminated the plaintiff's employment so that his job could be given to a younger worker who would be paid less than the plaintiff.

24.     In terminating plaintiff's employment, the defendants fabricated performance deficiencies and falsely accused plaintiff of violating rules that did not exist and / or had not been made known to employees.

25.     As a result of the defendants' conduct, the plaintiff has suffered damages including loss of pay, harm to reputation, emotional distress, loss of enjoyment of life, the destruction career opportunities, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF FAIR LABOR STANDARDS ACT,
## 29 U.S.C. 201, et seq.

26.     During the plaintiff's employment with the defendants, plaintiff was regularly required or permitted to work overtime hours on a weekly basis.

27.     The plaintiff was not paid one and a half times his regular hourly rate for the overtime that he worked consistent with the Fair Labor Standards Act, 29. U.S.C. 201 *et. seq.* (herein referred to as "FLSA").

28.     In a willful and deliberate attempt to avoid and circumvent the FLSA the defendants misclassified the plaintiff as a night shift manager for the inset department.

29.     In fact the plaintiff's primary job duties included setting up, and light repair of the insert machines to apply advertisement stickers, forklift operation including use of pallet jacks, loading and unloading trucks and assisting drivers with loading and unloading their trucks, setting up, cleaning, and operating the stacker, ad-note, and tie machines, moving equipment, cleaning up debris left over from the previous shift to assure and sweeping and cleaning floors that there was a safe workplace.

30. The defendants failed to pay the plaintiff overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate.

31. The defendants' failure to pay the plaintiff for overtime was willful.

32. The defendants willfully have persisted in this pattern of age discrimination even though they were sued for violation of the FLSA in the case of <u>Weizel vs. The Hearst Corporation</u>, *et al.,* United States District Court (D. Conn.), 3:10-cv-01824-CFD.

33. Defendants failure to pay the plaintiff the overtime at the rate of one and a one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

34. As a result of the willful violation of the FLSA, the plaintiff is entitled to compensation for all overtime hours worked computed at one and one-half times his regular hourly rate, liquidated damages and attorneys' fees and court costs.

### THIRD CLAIM FOR RELIEF
### VIOLATION CONNECTICUT MINIMUM WAGE ACT,
### C.G.S. sec. 31-58, et seq. and C.G.S. sec. 31-72

35. During the plaintiff's employment with the defendants, plaintiff was regularly required to work overtime hours on a weekly basis. In fact for the three years the plaintiff worked for the defendants he worked 60 hours per week and was paid for 40 hours.

36. The plaintiff was not paid one and a half times his regular hourly rate for the overtime that he worked consistent with the Connecticut Minimum Wage Act. C.G.S. Sec. 31-58 *et seq.* (herein referred to as CMWA).

37. The defendants have failed to pay the plaintiff overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate.

38. The defendants failure to pay the plaintiff the overtime at the rate of one and a one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

39. As a result of the willful violation of the CMWA, the plaintiff is entitled to compensation for all overtime hours worked computed at one and one-half times his regular hourly rate, liquidated damages and attorneys' fees and court costs pursuant to Connecticut General Statutes § 31-72.

## FOURTH CLAIM FOR RELIEF
## WRONGFUL TERMINATION

40. On or about July 2011 the defendants unlawfully, wrongfully, without just cause and in bad faith discharged the Plaintiff from his position and since that time has prevented the plaintiff from performing his duties of employment although the plaintiff is and has been willing and able to perform such duties.

41. As a direct and proximate result of the Defendant's wrongful discharge of the Plaintiff, the Plaintiff has suffered lost wages and benefits, has been humiliated and embarrassed, and has suffered mental anguish.

## FIFTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

42. The Defendants entered into oral, written, and implied contracts with the plaintiff and each party's acceptance was supported by good and valuable consideration.

43. The plaintiff fulfilled his contractual obligations by laboring for the benefit of the defendants.

44. The defendants breached the parties' contract by failing to pay contractually established wages for work performed by the plaintiff.

45. Defendant's contracts with the plaintiff included the obligation and duty to pay overtime wages in accord with federal and state law.

46. As a result of the defendants' breach of the parties' contract the plaintiff was damaged.

47. The Plaintiff is entitled to damages for defendant's breach of contract for the entire period of time that he worked for the defendants in accordance with Conn. Gen. Stat. section 52-576.

48. The plaintiff is entitled to monetary damages equal to the amount specified in the oral, written, and implied contracts entered into with the defendants.

## SIXTH CLAIM FOR RELIEF
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

49. The Defendants entered into oral, written, and implied contracts with the plaintiff and each party's acceptance was supported by good and valuable consideration.

50. The plaintiff fulfilled his contractual obligations by laboring for the benefit of the defendants.

51. The defendants in bad faith denied the plaintiff the benefit of the contract by failing to pay contractually established wages for work performed by the plaintiff.

52. Defendant's bad faith is demonstrated by defendants' failure to pay contractually required wages and overtime wages in accord with federal and state law.

53.     As a result of the defendants' breach of the implied covenant of good faith and fair dealing the plaintiff was damaged.

54.     The Plaintiff is entitled to damages for defendant's breach of contract for the entire period of time that he worked for the defendants in accordance with Conn. Gen. Stat. section 52-576.

55.     The plaintiff is entitled to monetary damages equal to the amount specified in the oral, written, and implied contracts entered into with the defendants.

## SEVENTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT AND QUANTUM MERUIT

56.     By laboring for the benefit of the defendants the plaintiff provided benefits to the defendants.

57.     The plaintiff expected to be compensated for the labor provided to the defendants.

58.     The defendants' unjust failure to pay the plaintiff wages for the labor performed was to the detriment of the plaintiff and damaged the plaintiff.

59.     Accordingly the plaintiff is entitled to money damages equal to the value of labor provided to the plaintiff including time and half for overtime.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60.     By acting as aforesaid the defendants engaged in conduct that the defendant should have realized involved an unreasonable risk of causing emotional distress to the plaintiff and that that distress, if it were caused, might result in illness or bodily injury.

61.     The defendants conduct as aforesaid caused emotional distress to the plaintiff.

62.     The emotional distress caused to the plaintiff was of such a nature as might result in illness or bodily harm.

63.     Said actions of the Defendant did in fact cause severe emotional distress to the Plaintiff.

WHEREFORE, the Plaintiff claims:

a. Unpaid Overtime Wages under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.,* and Connecticut General Statutes Section 31-58 *et seq.;*
b. Liquidated Damages under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.,* and Connecticut General Statutes Section 31-58 *at seq.;*
c. Compensatory damages, including damages for emotional distress, harm to reputation, and loss of enjoyment of life from the damage to his employability;
d. Punitive damages as permitted in connection with claims under the FLSA, 29 U.S.C. 201 *et seq.,* the CMWA, C.G.S. 31-58 *et seq.,* as well as C.G.S.. Section 31-51q;
e. Statutory attorneys' fees and costs, as permitted under the FLSA, 29 U.S.C. 201 *at seq.,* the CMWA, C.G.S. Section 31-58 *at seq.,* as well as C.G.S. Section 31-51q.,
f. Interest and costs;
g. Issuance of a declaratory judgment that the practices complained of herein are unlawful Federal and Connecticut law,
h. Injunctive relief to ensure that the defendant's ongoing unlawful policies and practices herein alleged do not continue;
i. Such other relief as in law or equity may pertain.

## DEMAND FOR TRIAL BY JURY

The plaintiff demands a trial by jury.

Respectfully submitted,

_____/S/_____
Patrick J. Filan (PF2424)
Patrick J. Filan, LLC
P. O. Box 661 - 1261 Post Road
Fairfield, CT 06824
T. (203) 221-8066 / F. (203) 221-8068
E. pfilan@filan-law.com

9